978 F.2d 1263
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
DANELLA SOUTHWEST, INC., a Missouri Corporation, Appellant,
v.
SOUTHWESTERN BELL TELEPHONE CO., a Missouri corporation, Appellee.
Danella Southwest, Inc., a Missouri Corporation, Appellee,
v.
Southwestern Bell Telephone Co., a Missouri Corporation, Appellant.
 Nos. 92-1103, 92-1105.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 16, 1992.
Filed: November 5, 1992.
 
 Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 This case arose out of a series of contracts between Danella Southwest, Inc. (Danella) and Southwestern Bell Telephone Company (Bell), whereby Danella performed construction and excavation services for Bell. One particular project in Eureka, Missouri involved excavating dirt that subsequently was discovered to be contaminated with dioxin. The ensuing dispute between Danella and Bell regarding responsibility for costs incurred to contain the dioxin-contaminated dirt led to the collapse of the parties' relationship.
 
 
 2
 Danella initiated this lawsuit and ultimately filed a three-count Second Amended Complaint against Bell. Count I sought a declaratory judgment that Danella was not liable to Bell for contribution under the civil proceedings section of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9613 (1988). Counts II and III of Danella's action sought damages for breach of contract (or in the alternative for promissory estoppel), and for prima facie tort.
 
 
 3
 Bell responded with a four-count Second Amended Counterclaim. Counts I through III of the counterclaim sought damages for breach of contract, for indemnity, and for negligence. Count IV of the counterclaim sought contribution under CERCLA for Bell's costs incurred in containing the dioxin-contaminated dirt.
 
 
 4
 The case was tried to a jury. At the close of all the evidence, the District Court[1] granted a directed verdict for Bell on Counts II and III of Danella's complaint, and for Danella on Counts I through III of Bell's counterclaim. The court dismissed the jury and took the CERCLA issues under advisement. The District Court subsequently held that Danella was not liable to Bell for contribution under CERCLA; the court's decision also set forth the grounds for the directed verdicts the court had granted previously. Danella Southwest, Inc. v. Southwestern Bell Tel. Co., 775 F. Supp. 1227 (E.D. Mo. 1991).
 
 
 5
 Danella appealed the grant of a directed verdict on Count II of its suit. Bell cross-appealed the decision in favor of Danella on the CERCLA issue, as well as the grant of directed verdicts against Bell on Counts I through III of Bell's counterclaim. Having reviewed the case and having considered thoroughly the briefs and oral arguments of the parties, we conclude that the District Court decided the case correctly and that in view of that court's thorough opinion a rehash of the issues by this Court would not be a useful expenditure of judicial resources. Accordingly, the judgment of the District Court is summarily affirmed. See 8th Cir. R. 47B.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri